IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOUIS JOSEPH, III, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2869-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY BERRYHILL, *Acting* | : | **R E P O R T    A N D** |
| *Commissioner of Social Security*, | : | **RECOMMENDATION   ON   AN** |
| | : | **APPLICATION  TO  PROCEED  *IN*** |
| Defendant. | : | ***FORMA PAUPERIS*** |

Plaintiff Louis Joseph, III, proceeding *pro se*, seeks leave to file this civil action

*in forma pauperis* without prepayment of fees and costs or security therefor pursuant

to 28 U.S.C. § 1915(a)(1). Plaintiff's Application to Proceed in District Court without

Prepaying Fees or Costs [1-2], however, does not establish that Plaintiff has

insufficient household income and assets to pay the filing fee and incur the costs of

these proceedings.

In his Application to Proceed in District Court without Prepaying Fees or Costs,

Plaintiff states that he and his spouse[1] have an average combined monthly gross

---

[1] In considering an application to proceed *in forma pauperis*, a court may consider income provided by a spouse, regardless of whether the plaintiff's spouse is a party to the case. *See Trimble v. Volz*, No. 2:08-cv-417-FtM-99DNF, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008) (citing *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 990 (D.S.C. 1997)); *see also Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant.").

income of $10,046, which results in an average annual income of $120,552.[2] *See* Application [1-2] at ¶ 1. Plaintiff further states that he expects the monthly income of his household to remain the same next month. *Id.* Plaintiff also states that he and his spouse own two homes and two vehicles, one of which is a 2013 Lexus valued at $28,000. *Id.* at ¶ 5. In addition, Plaintiff's average monthly expenses total $8,176.33. *Id.* at ¶ 8. The undersigned finds that this level of income and expenses are inconsistent with the Plaintiff's claim that he is impoverished and cannot pay the filing fee and expenses in this case.[3]

Accordingly, the undersigned finds that Plaintiff has failed to establish that he does not have sufficient income and assets to pay the filing fee or incur the costs of these proceedings, and the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied. The undersigned therefore **RECOMMENDS** that Plaintiff's Application to

---

[2]Plaintiff actually writes that he makes (via employment) $1,200 per month and his spouse makes $8,000 per month, but then also writes that he receives $846 per month in disability, and his spouse receives no disability. Plaintiff then notes that his total monthly income is $846, and his spouse's total monthly income is $0. Plaintiff was apparently confused in totaling the income because there was a page break in the Application, and the Court understands the total monthly income between Plaintiff and his spouse to be the $1,200, $8,000, and $846 listed. In fact, Plaintiff makes this mistake a second time, in paragraph 8 of his Application, where he lists numerous average monthly expenses related to utilities, home maintenance, food, clothing, and so on, and then (after a page break) lists the total monthly expenses for himself and his spouse to be $0.

[3]Though Plaintiff provided a separate affidavit in support of his request to proceed *in forma pauperis*, [1-1], the fact that Plaintiff and his wife provide rent assistance to their daughter in the form of $800 per month does not change the Court's finding.

Proceed in District Court without Prepaying Fees or Costs [1-2] be **DENIED**. If the District Court adopts this recommendation, the undersigned **RECOMMENDS** that Plaintiff be advised that he may pay the filing fee in installments of $100 per month until the filing fee is paid in full. If the District Court adopts this recommendation, the undersigned **FURTHER RECOMMENDS** that Plaintiff be advised that he must make the first payment to the Clerk within **fourteen (14) days** of the District Court's Order adopting this recommendation and denying his Application [1-2]. If Plaintiff fails to do so, this action may be dismissed for failure to comply with an Order of the Court.

  **IT IS SO RECOMMENDED** this 3rd day of August, 2017.

              _____
              JUSTIN S. ANAND
              UNITED STATES MAGISTRATE JUDGE